## COMMONWEALTH *versus* THOMAS MAHAR.

Where a prisoner indicted for a capital offence was arraigned before a full bench, it was *held*, that he might suggest a defect in the indictment, and that the Court might adjudicate thereon, at the time of the arraignment, and before he was put upon his trial.

In a capital case it was *held*, that the indictment could not be amended, even with the consent of the prisoner

*Oct. 16th*  AN indictment for a capital arson was found against the aefendant, in the Court of Common Pleas, and transmitted to this Court ; and now upon his arraignment, before a full bench, his counsel objected that the indictment was defective, because it did not state the name of the owner of the dwellinghouse set on fire.

*Austin*, Attorney-General, said that this was not the proper time to make the objection ; and he urged that the prisoner should be held in custody to be tried on this indictment, or be held until the next session of the Court of Common Pleas, so that a new indictment might be returned.

*Oct. 17th.*  But the *Court* being strongly inclined to the opinion that a conviction on such an indictment could not be sustained, thought it was proper to interfere at this time.

The attorney-general then moved to amend the indictment, and the prisoner's counsel consented that the name of William Hayden, as owner of the house, should be inserted ; not in tending however to admit that Hayden was in fact the owner

But the *Court* were of opinion, that this was a case in which an amendment could not be allowed, even with the consent of the prisoner.